IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Daniel Hart, | ) | C/A No. 3:09-366-MJP-PJG |
|                Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| William C. Wood, President, North Springs Property Owners' Association, | ) | |
|                Defendant. | ) | |

The petitioner, Daniel Hart ("Hart"), who is self-represented, filed this civil action alleging racial discrimination by the North Springs Property Owners' Association. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendant's motion to dismiss (Docket Entry 13). By order filed April 2, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Hart was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 15.) On April 27, 2009, Hart filed a response (Docket Entry 19) and on April 28, 2009, the defendant filed a reply (Docket Entry 21).

This motion is now before the court for a Report and Recommendation. Having carefully considered the parties' submissions, the court finds that the defendant's motion to dismiss (Docket Entry 13) should be granted and the remaining discovery motions (Docket Entries 34, 36, & 41) should be terminated as moot.

## DISCUSSION

**A.  *Pro se* Pleadings Generally**

As an initial matter, this court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.  Motion to Dismiss**

The defendant has filed a motion to dismiss Hart's Complaint based on Federal Rule of Civil Procedure 12(b)(6), alleging that Hart has failed to state facts sufficient to constitute a cause of action. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of

Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007).

In Hart's Complaint he alleges that he is "a black, African American, and owner of Hart's Green Machine—a landscaping and grounds maintenance company." (Compl., Docket Entry 1 at 3.) Hart states that he was contracted by the North Springs Property Owners' Association ("Association") to perform grounds maintenance for the North Springs subdivision in Columbia, South Carolina. It appears that this contract was for a two-year period. During those two years, Hart avers that the members of the Association have

> made erroneous and hurtful claims against him . . . continuously harassed him, insulted him, challenged his personal and professional integrity and has defamed his personal and professional name as well as causing and creating an intimidating and hostile work environment for him for no other reason other than plaintiff is a black man.

(Id.) Hart further alleges that the all-white board for the Association did not treat the previous white contractors in "the same demeaning and hurtful manner" and that the board offered the previous white contractors a third year option on their contract, which he was not offered. (Id.) Finally, Hart asserts that the board's members made racially biased statements and the board failed to take action against those members, in effect supporting the "harassing, insulting, demeaning and damaging claims made by its members." (Id.)

As stated above, the defendant is seeking dismissal of Hart's Complaint based on Federal Rule of Civil Procedure 12(b)(6), alleging that Hart has failed to state facts sufficient to constitute a cause of action. Since Hart did not identify in his Complaint under what theory he is seeking

PJG

recovery in this case, the defendant argues that Hart cannot maintain his claims under 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); or 42 U.S.C. § 1981. In response to this motion, Hart reiterates that he has made only one claim in this case and argues that he has presented a *prima facie* case under Title VII.[1] (Docket Entry 19.)

Based on the filings, there appears to be no dispute that Hart worked as an independent contractor for the Association. Title VII is inapplicable to independent contractors, as there is no qualifying employer/employee relationship. See 42 U.S.C. § 2000e et seq.; Farlow v. Wachovia Bank of North Carolina, 259 F.3d 309, 313 (4th Cir. 2001); Cilecek v. Inova Health System Servs., 115 F.3d 256 (4th Cir. 1997). Therefore, Hart cannot maintain any claims under Title VII and the defendant is entitled to dismissal of those claims.

Hart does not specifically contest the defendant's motion to dismiss any potential claims asserted pursuant to § 1983 or § 1981. Therefore, to the extent that Hart attempted to raise these claims in his Complaint, the court finds them to be abandoned and contrary to Hart's explicit statement that he "brings one claim" in this case, which Hart indicates is a Title VII claim. See Barnett, 174 F.3d 1128.

However, even if Hart intended to assert claims under § 1983 or § 1981, the defendant is entitled to dismissal. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); see generally 5 Charles Alan

---

[1] Hart captions this pleading as "Response to Defendants' Motion to Dismiss Amendment of Complaint." However, his pleading does not contain a motion to amend his Complaint, indicate how he wishes to amend his Complaint, and does not include a proposed amended complaint. Therefore, to the extent that Hart seeks to amend his Complaint, his request is denied.

PJG

Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). There is absolutely no allegation in Hart's Complaint that the defendant is a state actor or was acting under color of state law. Thus, the defendant would be entitled to dismissal of this claim. See Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982). To state a claim for damages under 42 U.S.C. § 1981, an aggrieved party must allege: (1) that he is a member of a racial minority, (2) that the defendant intended to discriminate against him on the basis of his race, and (3) that the discrimination concerned one or more of the activities protected by § 1981. 42 U.S.C. § 1981; Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir. 1999). Hart has failed to allege facts supporting such a claim as to the named defendant. The court observes that while the caption listed by Hart in his Complaint lists the defendant as "William C. Wood President, North Springs Property Owners' Assoc," the sole defendant identified by Hart on page two of his Complaint is "William C. ('Cliff') Wood." (Compl., Docket Entry 1.) No additional defendants are listed in the Complaint. Therefore, Hart appears to be initiating this matter solely against Wood in his role as the President of the Association. However, Hart makes no allegation that Wood participated in any of the alleged discriminatory action towards Hart, that he had any knowledge of those actions, or that he was even a member of the board during the time that the alleged actions occurred. Moreover, a review of Hart's pleadings, including the additional scenarios discussed in Hart's response to the defendant's motion to dismiss, reveals that Hart has failed to indicate any specific instances of racial discrimination. See Spriggs, 165 F.3d 1015, 1018 (stating that a § 1981 action "must be founded on purposeful, racially discriminatory actions that affect at least one of the contractual aspects listed in § 1981(b)"). Accordingly, even accepting Hart's factual allegations as true, Hart has not presented facts sufficient to state a cause of action under § 1981 against Wood.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion to dismiss (Docket Entry 13) be granted. The court further recommends that, as this matter is subject to dismissal as a matter of law, the plaintiff's motions to compel discovery (Docket Entries 34, 36, & 41) be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 29, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).