# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| **Daniel Hart,** ] | |
| **Plaintiff,** ] | **Civil Action No. 3:09-366** |
| -vs- ] | |
| | **O R D E R** |
| **William C. Wood, President,** ] | |
| **North Springs Property Owners'** | |
| **Association,** ] | |
| **Defendant.** | |

In the underlying matter, the plaintiff, Daniel Hart, proceeding *pro se* has filed a racial discrimination suit against the defendant William C. Wood, President of the North Spring Property Owners' Association. The defendant denies the plaintiff's allegations and has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendant asserts that the plaintiff fails to state facts sufficient to constitute a cause action against the defendant.

The record contains a Report and Recommendation of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge recommends granting the defendant's motion to dismiss due to the plaintiff's failure to state a claim upon which this Court can grant relief. The plaintiff objects to the Recommendation.

As to her findings on dispositive matters, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423

U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Recommendation to which specific objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. Wallace v. Housing Authority fo r the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992).

The plaintiff appears to allege a cause of action for racial discrimination. This action has been brought by the Plaintiff *pro se*. This Court is required to construe such pro se pleadings liberally to allow for the development of a potentially meritorious claim. Haines v. Kerner, 404 U.S. 519 (1972). However, such duty does not require district courts "to conjure up questions never squarely presented to them [as] district judges are not mind readers." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th 1085). Even a *pro se* plaintiff must allege facts that state a cause of action. Id. Plaintiff 's complaint alleges:

> Plaintiff, a black, African American, and owner of Hart's Green Machine-a landscaping and ground maintenance company was contracted by the North Springs Property Owners's Association (hereafter referred to as the "Association"). North Springs subdivision, Columbia, SC, asserts that over the last two years (since the contract has been in place) members of the Association have made erroneous and hurtful clams against him and has continuously harassed him, insulted him, challenged his personal and professional integrity and has defamed his personal and professional name as well as causing and creating an intimidating and hostile work environment for him for no other reason other than plaintiff is a black man.
>
> It is plaintiff's belief that the all white Association board has conducted themselves in this racially biased and discriminatory nature against plaintiff solely based on plaintiff's race.

> Plaintiff further asserts that he and his business have been the first and only black minority owned business to perform grounds maintenance and that the contractors before him–all white–were not treated in the same demeaning and hurtful manner as the Association board treats him.
>
> Plaintiff additionally asserts that while the all white board has offered previous all white landscaping and grounds contractors a third year option on their contract, no such offer has been made to plaintiff.
>
> Finally, plaintiff asserts that both the Associations's board actions toward him, and similar racially biased statements made by individual board members are racially motivated; that the Association board took no action against individual board members and in effect, supported these harassing, insulting, demeaning and damaging claims made by its members against him.

Plaintiff's complaint does not reference any legal basis for the claims asserted. However, plaintiff's response to defendant's motion to dismiss asserts that his constitutional rights have been violated under Title VII of the Civil Rights Act of 1964 and 1991.

The Magistrate Judge concluded based upon the filings before the Court that the plaintiff was an independent contractor for the North Springs Home Owner's Association. The Magistrate Judge further concluded that Title VII is inapplicable to independent contractors since there is no qualifying employer/employee relationship. See Farlow v Wachovia Bank of North Carolina, 259 F.3d 309, 313 (4th Cir. 2001); Cilecek v. Inova Health System Services, 115 F.3d 256 (4th Cir. 1997).

The plaintiff has objected to the Magistrate Judge's findings. Plaintiff challenges the Magistrate Judge's conclusion that he cannot maintain his claims under Title VII because he is an independent contractor. Upon review of the record and the relevant caselaw, the Court overrules the plaintiff's objections. Title VII prohibits employers from discriminating against employees. 42 U.S.C. § 2000e-2(a)(1) 2001. In this case, there is no dispute but that the plaintiff was not an employee of the defendant but rather an independent contractor. An independent contractor is not

entitled to bring a claim for relief under Title VII. Accordingly, the Recommendation of the Magistrate Judge is approved. The defendant's motion to dismiss is GRANTED. All other pending motion are deemed moot.

        IT IS SO ORDERED.

_____
                          s/MATTHEW J. PERRY, JR.
                          SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 20, 2010